United States District Court
District of South Carolina

| | |
|---|---|
| Patrick O. Singleton, #251028; | C/A No. 0:05-0433-HFF-BM |
| Plaintiff; | |
| vs. | **REPORT AND RECOMMENDATION** |
| South Carolina Department of Corrections; Cpt. Sanders; Lt. Latson; Lt. Cox; Lt. Shepard; Sgt Mac; and Nursing Staff of Lieber Correctional Institution; | |
| Defendants. | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights. The Defendants are employees of the South Carolina Department of Corrections.

The Defendants filed a motion to dismiss and/or for summary judgment on August 12, 2005. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on August 15, 2005, advising Plaintiff of the importance of a dispositive motion and of the necessity for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a one page memorandum in opposition to the



motion on August 25, 2005. Defendants' motion is now before the Court for disposition.[1]

### Background and Evidence

Plaintiff alleges in his verified Complaint[2] that he is being held at an "incorrect prison". Plaintiff generally alleges that he is incarcerated on "less serious charges", but that he is being held at a prison that "houses more serious criminals" who are more violent, placing him in constant fear of his life and well being. Plaintiff alleges that he has been told he will be transferred to the "correct type of institution" when a bed becomes available, but that the Defendants have failed to transfer him despite having had sufficient time to do so.

Plaintiff also alleges that he is being "constantly" threatened by inmates as well as officers of various institutions, harassed by SCDC staff, and intimidated by staff members and some of the nursing staff at the Lieber Correctional Institution (LCI). Although Plaintiff is currently housed at the Allendale Correctional Institution (ACI), Plaintiff alleges that these actions have "followed [him] to Allendale". Plaintiff seeks monetary damages, as well as an order from this Court prohibiting SCDC staff from

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion to dismiss and/or for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



"scandalizing [his] name amongst inmates….".

In their motion, Defendants contend that this Complaint should be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6), Fed.R.Civ.P.[3] Defendants also assert that they are entitled to summary judgment under Rule 56, Fed.R.Civ.P., because Plaintiff has failed to present any evidence to show any violations of his constitutional rights, nor are the general and conclusory allegations of his Complaint sufficient to maintain a constitutional claim.

In his response, Plaintiff argues that this action should be allowed to continue because the Defendants are harassing him, and are "saying blatantly that I am a homosexual and there not only making these allegations but they are causing confusion and havoc with other inmates at every institution that I am housed."

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this

---

[3] Defendants also argue in their motion that this action is subject to dismissal on the grounds that Plaintiff has failed to indicate what relief he is seeking. However, although Plaintiff did not fill out the final section of his pro se Complaint (under the heading "State briefly and exactly what you want the Court to do for you"), Plaintiff has specifically stated in his verified Complaint that he seeks both monetary damages and certain specified injunctive relief. Therefore, Defendants are not entitled to dismissal of this action on the grounds that Plaintiff has failed to indicate what relief he is seeking.



showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

After careful review of the pleadings and memoranda before this Court, the undersigned finds and concludes that dismissal of this action is appropriate. First, with respect to Plaintiff's complaint about where he is being housed, the Court has only Plaintiff's general and conclusory statements in his verified Complaint that he should be assigned to some other type of prison from which to evaluate this claim. Although Defendants have offered nothing in response to indicate how decisions are made about custody classifications, Plaintiff's mere conclusory and unsupported statement in his Complaint that he is for some reason entitled to a transfer to a different type of institution is not sufficient to maintain a claim for violation of his constitutional rights. Slezak v. Evatt, 21 F.3d 590 (4th Cir. 1994) [the Constitution vests no liberty interest in inmates retaining or receiving any particular security or custody status as long as the conditions or degree of confinement is within the sentence imposed]; Neal v. Shimoda, 131 F.3d 818, 828 (9th Cir. 1997) ["[A] prisoner does not have a constitutional right to be housed at a particular institution,..., [or] to receive a

4



particular security classification...."]. It is clear in the caselaw that courts afford deference to prison officials in the administration of prisons, and Plaintiff has provided no evidence to show that his being confined at the Allendale Correctional Institution rises to the level of a constitutional violation. See generally Sweet v. South Carolina Department of Corrections, 529 F.2d 854, 859 (4th Cir. 1975) (en banc) [describing federal court's deference to prison administrators and all administrative matters unless the condition rises to the level of a constitutional violation]; Jackson v. Bostick, 760 F.Supp. 524, 528 (D.Md. 1991); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) ["[A] prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation."]; see also Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ["Prisoners have no right under the Constitution to be held in either protective or minimum custody."]..

With respect to Plaintiff's claim that he is being "harassed" by prison staff, he has again failed to provide any particulars or specifics about these allegations, to include who has made what statements, what exactly has been said and to whom, or other factual information. Rather, Plaintiff has only stated in a conclusory fashion that he is being "harassed" by SCDC staff.[4] To proceed with this claim, Plaintiff would need to present evidence sufficient to show that the Defendants' alleged harassment constitutes a deliberate

---

[4] The only specific conduct alleged by the Plaintiff is found in his unverified response to the Defendants' motion for summary judgment, where he states that the "accused officers and staff" (presumably referring to the Defendants) are saying that he is a homosexual. Again, however, he has not identified which of the Defendants have or are making this statement(s), to whom, or under what circumstances.

5



or callous indifference to a specific known risk of harm to him. See Pruitt v. Moore, No. 02-395, 2003 WL 23851094 at *9 (D.S.C. July 7, 2003) [only deliberate or callous indifference on the part of prison officials to a specific known risk of harm states on Eighth Amendment claim], cert. denied, 2004 WL 232748 (4th Cir. 2004); Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"]; Farmer v. Brennen, 114 S.Ct. 1970, 1979 (1994) [defendants must have engaged in conduct "for the very purpose of causing harm or with the knowledge that harm [would] result".]; see also Pressly v. Hutto, 816 F.2d 977 (4th Cir. 1987). Further, to show deliberate indifference, Plaintiff must also present evidence to show that "the officials act[ed] with a sufficiently culpable state of mind." Strickler v. Waters, 989 F.2d 1375, 1382-1383 (4th Cir. 1993), cert. denied, 510 U.S. 949 (1993), quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991); Bagola v. Kindt, 131 F.3d 632, 646 (7th Cir. 1997) ["Although prison officials need not intend that a known risk will actually harm an inmate, they must intentionally ignore this known risk in order to be liable under the Eighth Amendment."]. See also Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) [in order to state a constitutional violation, the deprivation alleged must not only be "objectively significantly serious", but the Defendant must also have acted with a "sufficiently culpable state of mind"].

       The undersigned does not find that the general and conclusory allegations set forth in Plaintiff's verified Complaint (the only evidence before this Court, since Defendants

6



have failed to submit any evidence) are sufficient to create a genuine issue of fact as to whether any named Defendant has been deliberately indifferent to a specific known risk of harm to the Plaintiff. See Papasan v. Allain, 478 U.S. 265, 286 (1986)[Courts need not assume the truth of legal conclusions couched as factual allegations.]; Bender v. Suburban Hospital, Inc., 159 F.3d 186 (4th Cir. 1998); Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]. Therefore, this case should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion to dismiss and/or for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

September 13, 2005

**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street Columbia, South Carolina 29201

